UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

---

ASHLEY GONZALEZ as Parent and Natural Guardian of ▓▓▓▓▓▓▓▓▓▓▓▓, an Infant, and ASHLEY GONZALEZ, Individually,

                                Plaintiffs,

-against-

UNITED STATES OF AMERICA,

                                Defendants.

Civil Action No.

COMPLAINT

---

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Ashley Gonzalez, ("Gonzalez") by counsel, for her Complaint against the Defendant, United States of America, states as follows:

### INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for negligence and professional malpractice in connection with medical care provided to Plaintiff ▓▓▓▓▓▓ ▓▓▓▓▓▓ by the Finger Lakes Community Health (Newark) of Finger Lakes Migrant Health Care Project, a federally supported health center.

2. The claims herein are brought against the Defendant pursuant to 42 U.S.C. §233 (g)-(n) the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for money damages as compensation for personal injuries caused by the Defendant's negligence.

1

3. Plaintiff ~~Frankie Gonzalez~~ has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

4. This suit has been timely filed, in that Plaintiff ~~Frankie Gonzalez~~ timely served notice of his claim on the Department of Health and Human Services less than two years after the incident forming the basis of this suit.

5. Plaintiff ~~Frankie Gonzalez~~ is now filing this Complaint pursuant to 28 U.S.C. § 2675(a) since more than six months have passed since plaintiff has filed form 95 and the Department of Health and Human Services has taken no action.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff ~~Frankie Gonzalez~~ is, and at all times relevant hereto, was a resident of Wayne County, New York.

7. Defendant United States of America, through its agency, the Department of Health and Human Services operates Finger Lakes Community Health (Newark) located at 513 West Union Street, Newark, New York 14513.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Finger Lakes Community Health (Newark) are hereinafter collectively referred to as "FLCH."

9. At all times relevant to this Complaint, the FLCH held itself out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all times relevant to this Complaint, the directors, officers, operators,

administrators, employees, agents, and staff of FLCH were employed by and or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of its employees and agents under respondeat superior.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(l).

12. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omission forming the basis of these claims occurred in the Western District of New York.

### FACTUAL ALLEGATIONS

13. That, upon information and belief, and at all times hereinafter mentioned, on or about 2/1/17, the Infant plaintiff [REDACTED] (age 3), was in a treatment room with his sister and his mother, Plaintiff, Ashley Gonzalez, where his sister was to receive treatment for plantar warts.

14. That, upon information and belief, defendant, FLCH, through its agents, servants and/or employees, negligently placed an open container of the acid medication, to be used for the treatment of the warts, on a table, easily accessible to the infant plaintiff, thereby creating a dangerous and hazardous situation, and then left the room.

15. That, the infant plaintiff, [REDACTED], picked up the open container of acid, which was negligently placed within his reach by defendant, FLCH, through its agents, servants and/or employees, and attempted to drink it, spilling most of it on his body and suffering serious injuries including second and third degree chemical burns to his chest and neck.

### FIRST CAUSE OF ACTION

16. That the acts and or omissions to act constituting the negligence of defendant, FLCH, through its agents, servants and/or employees, are as follows:

   a. Negligently failing to place the Trichloroacetic Acid in a covered container, as mandated by the Federal Safety Data Sheet.

    b.    Negligently failing to place the Trichloroacetic Acid container in a spot in the treatment room that would be inaccessible to pediatric patients, such as the Infant Plaintiff.

    c.    Negligently leaving the room after placing the Trichloroacetic Acid container on a table, which was easily accessible to patients, such as the Infant plaintiff, thereby creating a dangerous and hazardous condition.

    d.    Negligently failing to properly train and/or supervise its physicians, nurses and other medical personnel so that injury to the infant plaintiff would have been avoided.

17. That, solely due to the negligence of the defendant, the Infant Plaintiff, ███████████, suffered severe and permanent injuries, as a direct and proximate result of the negligence of defendant.

18. That, by reason of all the aforesaid, the infant plaintiff, ███████████, has been caused to sustain all of the damages hereinbefore set forth, and in addition, has had the quality of his life and health and wellbeing, both physical and mental, seriously and permanently impaired and altered, and has, as a consequence, sustained great and severe damages requiring adequate compensation by money damages far exceeding the jurisdictional limits of all lower courts.

19. That, upon information and belief, and at all times relevant hereto, said individuals involved in the negligence stated above were acting in their scope as agents, servants and/or employees of defendant.

20. That, in the alternative, defendant is vicariously liable for the acts and/or omissions to act of said individuals.

21. That the Infant Plaintiff, ███████████, was seriously and permanently injured, when he was caused to drink from and spill an open container of acid, which was negligently left in the treatment room of defendant on 2/1/17.

## SECOND CAUSE OF ACTION

22. That Plaintiff repeats and realleges paragraphs 1 through 21, the same as if each were more fully set forth herein.

23. That Plaintiff, Ashley Gonzalez, is the natural mother and parent of Infant Plaintiff, ▇▇▇▇▇▇▇▇.

24. That, as a direct and proximate result of the negligence and carelessness on the part of the defendant, through its agents, servants and/or employees, the Infant Plaintiff, ▇▇▇▇▇▇▇▇, has suffered severe injuries, has been rendered sick, sore, lame and disabled, and Plaintiff Ashley Gonzalez, has been forced to incur expenses for medical care and has suffered damages, all to their detriment in an amount that exceeds the jurisdictional limits of all lower courts, together with costs and disbursements of this action.

WHEREFORE, plaintiff ▇▇▇▇▇▇▇▇ does hereby pray that judgment be entered in his favor and against the Defendant as follows:

A. In FIRST CAUSE OF ACTION, money damages sufficient to compensate the Infant Plaintiff, ▇▇▇▇▇▇▇▇ for all of his damage and loss in the amount of $4,500,000;

B. In SECOND CAUSE OF ACTION, money damages sufficient to compensate Ashley Gonzalez, in the amount of $500,000.

Dated: January 9, 2018

FOLEY & FOLEY

*/s/ James F. Foley*

James F. Foley, Esq.
Attorneys for Plaintiffs
235 East Main Street
Palmyra, New York 14522
(315) 597-6611